**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**DIANE RUBY DOTSON,**

**Plaintiff,**

**v.**

**CIVIL ACTION NO.** 3:15-cv-13754
**CIRCUIT COURT NO.: 15-C-222**

**DOLGENCORP, LLC d/b/a DOLLAR GENERAL,**

**Defendant.**

**NOTICE OF REMOVAL**

NOW COMES the Defendant, Dolgencorp, LLC d/b/a Dollar General, by and through its counsel, Duane J. Ruggier, Jacob Layne and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to 28 U.S.C. § 1332, 1391, 1441(b), and 1446, said Defendant hereby gives notice that, on the grounds set forth below, it is removing the above styled action from the Circuit Court of Putnam County, West Virginia to the United States District Court for the Southern District of West Virginia. In support thereof, this Defendant states and avers as follows:

1. This civil action was commenced by the Plaintiff, Diane Ruby Dotson, against the Defendant, Dolgencorp, LLC d/b/a Dollar General, on or about September 15, 2015. Plaintiff filed her Complaint in the Circuit Court of Putnam County, West Virginia. The matter was designated Civil Action No. 15-C-222 by the Circuit Court of Putnam County. *See Plaintiff's Complaint* attached hereto as **Exhibit 1**.

2. Defendant was served a copy of the Summons and Complaint through the West Virginia Secretary of State as statutory attorney in fact on September 21, 2015. See *Summons*

attached hereto as **Exhibit 2**. *See Proof of Service From West Virginia Secretary of State* attached hereto as **Exhibit 3**.

3. In accordance with 28 USC 1446(a), defendants state that the only process, pleadings, or orders in this matter are the summons and complaint. *See* **Exhibit 1;** *See also Summons attached hereto as* **Exhibit 2**.

4. This Notice of Removal is timely under 28 USC §1446(b) because plaintiff's summons and complaint were served on September 21, 2015. This notice of removal is filed within thirty (30) days after service of the summons and complaint and within one year of commencement of this action.

5. 28 U.S.C. § 1332 states in pertinent part that:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between –
>
> (1) citizens of different states.

6. 28 U.S.C. § 1441(b) allows removal of any civil action where, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

7. There is diversity of citizenship between the plaintiff and these defendants.

8. Plaintiff alleges in her Complaint that she is was a citizen and resident of Buffalo, Putnam County, West Virginia. (Ex. 1, ¶ 1).

9. That Dolgencorp, LLC d/b/a Dollar General is a foreign corporation with a principal place of business in Goodlettsville, Tennessee. (*Id*, ¶ 2).

10. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C.§ 1332(c)(1) (Quoting in part).

11. The amount in controversy is in excess of $75,000.00.

12. Plaintiff states that she went to the emergency room after her alleged fall and that she had an X-Ray where she was diagnosed with a fractured wrist. (Ex. 1, ¶¶ 11-12). Plaintiff was also told to see an orthopedic surgeon. (*Id.*).

13. Plaintiff avers that she saw an orthopedic surgeon three days following her fall and was diagnosed with a "distal radius fracture in her right wrist." (*Id*, ¶ 13). Plaintiff was also advised by the surgeon that she would likely need surgery. (*Id*, ¶ 14).

14. Plaintiff alleges that her wrist was initially placed in a cast by the orthopedic surgeon and one month later her wrist was found to have not healed. (*Id*, ¶¶ 15-16).

15. Thereafter, Plaintiff had surgery on her wrist, multiple follow-up appointments, and physical therapy for "months." (*Id*, ¶ 17).

16. Plaintiff claims that she had continuous pain from the time of the break through her surgery and physical therapy. (*Id*, ¶ 18).

17. Plaintiff asserts that she was told by her physician that her wrist healed well but that she "has a deformity with the bone protruding out from the ulnar end of the wrist and she did not get her complete functioning back in her wrist." (*Id.*).

18. Plaintiff claims that "[t]hroughout [the] treatment of her wrist, the [she] suffered considerable pain from August 8, 2014 to this present day. [Her] wrist is presently deformed and the [she] has to avoid putting direct pressure over her dorsal aspect of her wrist." (*Id*, ¶ 19).

19. Plaintiff claims that her injuries have left her wrist "in a permanent state of disfigurement." (*Id*, ¶ 31). Plaintiff claims past and future medical expenses. (*Id*.).

13. Plaintiff does not state a specific amount of damages for which Plaintiff is seeking redress. However, it is clear from Plaintiff's allegations of permanent injury, medical expenses that include multiple doctor visits, physical therapy, and surgery, as well as her claim for future medical costs, non-economic damages for pain and suffering, that Plaintiff is seeking in excess of $75,000 in damages.

14. Pursuant to 28 U.S.C. 1391, venue is proper in the Southern District of West Virginia because a substantial part of the events or omissions giving rise to the claims contained in the Complaint allegedly occurred in this district in Putnam County.

15. Pursuant to 28 U.S.C. § 1446(d), Dolgencorp, LLC d/b/a Dollar General are concurrently serving on plaintiff and also filing in the Circuit Court of Putnam County, West Virginia, a "Notice to Plaintiff and Circuit Court of Putnam County Filing of Notice of Removal" a copy of which is attached hereto as **Exhibit 4**.

16. That the removal of the above-captioned civil action from the Circuit Court of Putnam County to the United States District Court for the Southern District of West Virginia, at Charleston, is proper.

**WHEREFORE**, the Defendant prays that the service and the filing in this Honorable Court of this Notice of Removal, and also the service upon the Plaintiff and the filing in the Circuit Court of Putnam County, West Virginia , a notice to Plaintiff and the Circuit Court of the filing of this Notice of Removal (which includes an attached copy of this Notice of Removal) shall effect the removal of this action from the Circuit Court of Putnam County, West Virginia, to the United States District Court for the Southern District of West Virginia.

Dated: October 6, 2015

DOLGENCORP, LLC d/b/a DOLLAR GENERAL
By Counsel,

*/s/ Duane J. Ruggier II*
Duane J. Ruggier II, WVSB #7787

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Phone: (304) 344-0100
Fax: (304) 342-1545

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**DIANE RUBY DOTSON,**

**Plaintiff,**

**v.**

3:15-cv-13754
**CIVIL ACTION NO.: 15-C-222**

**DOLGENCORP, LLC d/b/a
DOLLAR GENERAL,**

**Defendant.**

**CERTIFICATE OF SERVICE**

The undersigned, counsel of record for Defendants, does hereby certify on this 7th day of October, 2015, that a true copy of the foregoing "***Notice of Removal***" was served upon opposing counsel by depositing same to them in the U.S. Mail, postage prepaid, sealed in an envelope, and addressed as follows:

David M. Adkins, Esquire
The Adkins Law Firm, PLLC
300 D. Prestige Park Drive
Hurricane, West Virginia 25526
***Counsel for Plaintiff***

*/s/ Duane J. Ruggier II*
Duane J. Ruggier II, WVSB #7787

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545