IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DIANE RUBY DOTSON,**

      **Plaintiff,**

v.                                      Case No.: 3:15-cv-13754

**DOLGENCORP, LLC d/b/a DOLLAR GENERAL,**

      **Defendant.**

**MEMORANDUM OPINION and ORDER**

Pending before the Court is Plaintiff's Motion to Compel. (ECF No. 18). Defendant filed a response in opposition to the motion, (ECF No. 21), and the time for Plaintiff to file a reply has expired. Therefore, the motion is briefed and ready for resolution. Having considered the written materials, and finding no reason for oral argument, the Court **DENIES** Plaintiff's Motion to Compel as untimely under L. R. Civ. P. 37.1(c).

**I.**    **Relevant History**

This civil action arises from an incident on August 8, 2014 in which Plaintiff contends that she fell and fractured her wrist at Defendant's Dollar General store located in Buffalo, West Virginia. On January 6, 2016, Plaintiff served her first set of discovery requests on Defendant. (ECF No. 11). Defendant responded to the discovery requests on February 15, 2016 pursuant to a discovery extension granted by Plaintiff's counsel. (ECF Nos. 14 and 21-2). More than thirty days later, on March 17, 2016, Plaintiff sent Defendant a letter via electronic mail requesting supplementation of certain responses to interrogatories, requests for production of documents, and requests for admission. (ECF

1

No. 18-2). The letter advised that Plaintiff would file a motion to compel if she did not receive a response from Defendant, or if the parties did not schedule a conference call by March 31, 2016. (Id.).

There is no indication in the materials submitted to the Court that the parties had any further contact regarding the alleged discovery inadequacies until three months later, when Plaintiff filed the instant Motion to Compel, (ECF No. 18). The motion was filed a mere eight days before the discovery deadline in this civil action. As such, the motion could not be fully briefed and resolved prior to the discovery deadline using the standard briefing schedule set forth in the local rules of this district. *See* L. R. Civ. P. 7.1(a)(7).

At the close of discovery, on June 22, 2016, Defendant supplemented its responses to Plaintiff's discovery requests notwithstanding its objections to the requests. (ECF No. 20). Defendant also filed a response in opposition to Plaintiff's Motion to Compel on June 28, 2016, asserting that Plaintiff's Motion should be denied as untimely, that most of Plaintiff's Motion was moot in light of Defendant's supplemental responses, and that the two remaining Interrogatories at issue were unreasonable. (ECF No. 21). Plaintiff did not file a memorandum in reply.

## II. Discussion

As aptly stated by Defendant, (ECF No. 21 at 1-2), Local Rule of Civil Procedure 37.1(c) provides that a motion to compel must be filed within thirty days after the discovery responses at issue were due, or the motion is deemed waived. Although L. R. Civ. P. 37.1(c) does not explicitly provide for an exception to the thirty-day time limit, the Court has substantial discretion in managing discovery and modifying discovery-related deadlines, particularly when doing so furthers resolution of the case on its merits and does not unduly prejudice the opposing party. *Lone Star Steakhouse & Saloon, Inc. v.*

*Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).[1] Nevertheless, the undersigned finds that the undisputed facts of this matter do not warrant granting Plaintiff's Motion to Compel.

While the Court is generally disinclined to deny a motion to compel solely on the basis that the moving party failed to strictly comply with a non-jurisdictional time limit, in this case, Plaintiff does not offer any justification as to why she waited for nearly three months after notifying Defendant of the alleged deficiencies in discovery responses before filing a motion to compel. The record suggests that Plaintiff made no effort to resolve the discovery dispute after sending the initial electronic mail, and by the time she acted on the matter, there was insufficient time for the disagreement to be properly briefed and resolved. Moreover, as a critical factor in its decision, the Court finds that excusing Plaintiff's failure to comply with L. R. Civ. P. 37.1(c) would not further resolution of the case on the merits. Defendant's supplemental responses largely resolve Plaintiff's Motion to Compel. Defendant's supplemental answers provided complete responses to Plaintiff's Interrogatory Nos. 1, 8, 10, 11, 12, 13, 15, and 16; Request for Production No. 10; and Request for Admission Nos. 2 and 4. (ECF No. 21-2). Plaintiff's Motion to Compel regarding the foregoing discovery requests is therefore moot. Defendant's supplemental response also provide detailed objections to the only remaining discovery requests at issue: Interrogatory Nos. 3 and 4, (ECF No. 21-2 at 4-6). Defendant's supplemental

---

[1] As noted by Defendant, the Court also recognizes an exception to the 30-day rule when the non-moving party has not cooperated in discovery. *See Mills v. East Gulf Coal Preparation Co., LLC,* 259 F.R.D. 118, 134 (S.D.W.Va. 2009) ("Though no exception to the 30–day requirement is stated explicitly in the Local Rule 37.1(c), this Court has recognized an exception when it is evident that a party has not cooperated in discovery."). The Court cautions Defendant that its assertion of generic objections and incomplete responses until the final day of the discovery period could be considered a failure to cooperate in discovery. However, in this matter, Plaintiff's extreme delay in filing the Motion to Compel outweighs any perceived failure to cooperate by Defendant such that it is not appropriate to except the 30-day rule.

3

objections are stated with "specificity" as required by Fed. R. Civ. P. 33(b)(4); this resolves Plaintiff's argument that Defendant interposed generic objections. As an additional matter, the Court agrees that Plaintiff's Integratory Nos. 3 and 4, which concern lawsuits filed against Defendant, are overly broad. Consequently, the Court does not find cause to grant Plaintiff's Motion to Compel as to the remaining Interrogatories.

Therefore, for the foregoing reasons, Plaintiff's Motion to Compel, (ECF No. 18), is **DENIED**. The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** July 27, 2016

Cheryl A. Eifert
United States Magistrate Judge