**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DIANE RUBY DOTSON,

                Plaintiff,

v.                                              CIVIL ACTION NO.   3:15-13754

DOLGENCORP, LLC
d/b/a DOLLAR GENERAL,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 26). Plaintiff's Complaint alleges that Defendant acted negligently in its store maintenance, which caused Plaintiff's subsequent fall and injuries.  Having reviewed the evidence and conducted a Pretrial Motions Hearing on the issues, the Court finds no genuine issue of material fact remains. For the following reasons, the Court finds that Defendant is entitled to judgment as a matter of law and accordingly **GRANTS** Defendant's motion.

**I.**      **FACTS**

Plaintiff Diane Ruby Dotson (Dotson) brought this negligence action against Defendant Dolgencorp, LLC, d/b/a Dollar General (Dollar General) on September 25, 2015 for injuries sustained during a fall in Dollar General's Buffalo, West Virginia location on August 8, 2014.[1]

---

[1] Although the Complaint references two separate falls, counsel from both parties agreed at the Pretrial Motions Hearing that the injuries were sustained from the first fall within the store. This is further corroborated by the assistant manager's observation of Dotson's wrist after the first fall.  *Dep. of Brittaney Charles Jividen*, ECF No. 28-2, at 24.

Dollar General removed the action to federal court on October 7, 2015.  It is undisputed that Dotson sustained a fractured right wrist from a fall that occurred during the time that Dotson was within the Dollar General store.

Dotson's fall occurred near the generic pop aisle as she was walking back to get a soda. *Pl.'s Dep.*, ECF No. 26-1, at 29.  There were no security cameras or witnesses that observed Dotson fall, so her deposition testimony is the only evidence regarding the incident.  Dotson testified as to what caused her fall as follows:

> **Q (Mr. Duane Ruggier):  What I'm looking for is what specifically caused you to fall. Not the general store –**
>
> A (Dotson): What specifically caused me to fall was the general store, the way they have the store all messed up.
>
> **Q: But did you trip on something?**
>
> A: To be honest with you, at that time – I don't know.   I don't know if it was a box or what, but –
>
> **Q: You don't know if it was a box you tripped on?   Do you know if it was something else?   Do you know that you tripped on something?**
>
> A: Apparently, I tripped on something because I fell.
>
> ….
>
> **Q: Did you trip on an item in the store?**
>
> A: That, probably.
>
> **Q: Did you see that item in the store that you tripped on?**

A: They have like cases of Dr Pepper – not Dr Pepper. But water

and stuff in the same aisle.   I didn't see it.   More than likely, it's a

possibility.

…

A: If I know – in my heart of hearts what I tripped on, no, I don't.

*Pl.'s Dep.*, ECF No. 26-1, at 30-31.   After falling, Dotson returned to the front of the store to file

an incident report.   Due to the pain, Dotson agreed to return to the store at a later time after she

received medical treatment.   Dotson's husband was outside waiting in the car, so she refused an

ambulance and proceeded to the exit.

Dotson suffered a distal radius fracture in her right wrist from the fall.   At this time, Dotson

has already required surgery and physical therapy but will not regain full functioning in her wrist.

In total, Dotson's medical treatments have amounted to $58,266.32.   Dotson thus brought suit

against Dollar General for negligence for medical expenses, compensatory damages, and incidental

damages.

## II.   STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that no genuine issue as to any

material fact remains and that the moving party is entitled to judgment as a matter of law.   Fed.

R. Civ. P. 56(a).   In considering a motion for summary judgment, the Court will not "weigh the

evidence and determine the truth of the matter[.]"   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

249 (1986).   Instead, the Court will draw any permissible inference from the underlying facts in

the light most favorable to the nonmoving party.   *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 587-88 (1986).   Any inference, however, "must fall within the range of

reasonable probability and not be so tenuous as to amount to speculation or conjecture."   *JKC*

*Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001) (citation omitted).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256.   Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).   The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position.  *Anderson*, 477 U.S. at 252.   "Mere speculation by the non-movant cannot create a genuine issue of material fact" to avoid summary judgment.  *JKC Holding*, 264 F.3d at 465.

## III.   DISCUSSION

A federal court sitting in diversity must apply state substantive law.  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).   In a negligence action, the plaintiff must prove four elements by a preponderance of the evidence: duty, breach of duty, causation, and damages.  *See Carter v. Monsanto Co.*, 575 S.E.2d 342, 347 (W. Va. 2002).   Dollar General argues that Dotson cannot prove a breach of duty or proximate cause that relates back to Dollar General.  *Def.'s Mot. for Summ. J.*, ECF No. 26.   Although Dotson alleges that Dollar General maintained a "messy" store, Dotson has failed to pinpoint the cause of her fall and cannot tie the fall to any of Dollar General's actions or inactions.  *See Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.*, ECF No. 29, at 2.   Without evidence to demonstrate that Dollar General breached its duty and caused Dotson's fall, the Court must award Dollar General judgment as a matter of law.

The West Virginia Supreme Court of Appeals has made it clear that a plaintiff must prove all elements of negligence in order to hold an owner liable for injuries sustained on the premises. In *Hersh v. E-T Enterprises, Ltd.*, the plaintiff tried to hold the defendant property owner liable for negligently maintaining a staircase without handrails. 752 S.E.2d 336, 339 (W. Va. 2013), *overruled by statute on other grounds*. The court held that an "owner … of premises used for business purposes is not an insurer of the safety of an invited person present on such premises" but instead must be proven "guilty of negligence or willful or wanton misconduct[.]" *Id.* at 348 (citations omitted). "The mere occurrence of an accident does not give rise to the presumption of negligence," meaning that "an owner of business premises is not legally responsible for every fall which occurs on his premises." *Id.* (citations omitted); *see also Walton v. Given*, 215 S.E.2d 647, 651 (W. Va. 1975) ("The bare fact of an injury standing alone, without supporting evidence, is not sufficient to justify an inference of negligence.").

The duty owed to any non-trespasser by an owner is that of "reasonable care under the circumstances." *Mallet v. Pickens*, 522 S.E.2d 436, 446 (W. Va. 1999). In determining a breach of duty, the court must look to "(1) the foreseeability that an injury might occur; (2) the severity of the injury; (3) the time, manner and circumstances …; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the defendant to guard against injury." *Neely v. Belk*, 668 S.E.2d 189, 199 (W. Va. 2008) (citations omitted). The only factor at issue in this analysis is the first. The foreseeability question rests on whether the owner "had actual or constructive knowledge of the defective condition which caused the injury." *Hawkins v. U.S. Sports Ass'n*, 633 S.E.2d 31, 35 (W. Va. 2006); *see also McDonald v. Univ. of W. Va. Bd. of Trustees*, 444 S.E.2d 57, 60 (W. Va. 1994). Without demonstrating such knowledge, the plaintiff's case "is insufficient to prove negligence on part of the proprietor." *McDonald*, 444

S.E.2d at 60 (citations omitted); *see also Parsley v. Gen. Motors Acceptance Corp.*, 280 S.E.2d

703, 706 (W. Va. 1981) ("No action for negligence will lie without a duty broken.").

Dollar General admits that it owed a duty of reasonable care to Dotson.  *Def.'s Mem. of

*Law in Supp. of Mot. for Summ. J.*, ECF No. 27, at 7.   However, Dotson has failed to produce any

evidence that Dollar General breached that duty.   In the Memorandum in Opposition, Dotson

argues that "the general shoddiness of the store" is enough to prove a breach in Dollar General's

duty to its customers.   *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.*, ECF No. 29, at 3.

This misses the foreseeability analysis required to establish a case for premises liability.   Even

assuming that Dollar General's store was "messed up" on the date of the fall, this does not give

Dollar General actual – or even constructive – knowledge of the condition causing Dotson's injury.

There is no evidence of boxes or other objects placed in the aisle where Dotson fell and no evidence

to show that Dollar General caused or knew of any defects.[2]

Likewise, Dotson cannot point to the cause of the injury herself.   In her deposition, Dotson

speculates that she must have fallen on something within the store, but she cannot narrow that

"something" to any physical object or defect within the store.   Without knowing what caused the

fall in the first place, Dollar General cannot have had any knowledge prior to the fall nor can a

customer's fall be foreseeable, and, thus, there is no breach of duty.   Although Dotson's injuries

are serious and unfortunate, the fact that she fell within Dollar General is not enough on its own to

establish a breach of duty.

---

[2] Dotson argues that the evidence of internal store policies for the placement of
"rolltainers" and pictures of a disorganized store months and years after the incident supports
Dollar General's breach of duty.  *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.*, ECF
No. 29.   These pieces of evidence were all moved to be excluded in Dollar General's Motions in
Limine.   ECF Nos. 32-35.   As the Court determined that Dotson cannot sustain an action for
negligence and that summary judgment was warranted, the Court did not rule on the relevance of
this evidence.

Moreover, even if Dotson's allegations of a generally messy store would be enough to establish a breach of duty, it is not enough to establish proximate cause. "Proximate cause is a vital and an essential element of actionable negligence[.]" *Judy v. Grant Cty. Health Dep't*, 557 S.E.2d 340, 346 (W. Va. 2001). The burden is on the plaintiff to establish "that the defendant was negligent, and that such negligence was the proximate cause of the injury." *Spencer v. McClure*, 618 S.E.2d 451, 455 (W. Va. 2005) (citation omitted). Proximate cause is "that cause which in actual sequence, unbroken by any independent cause, produced the wrong complained of, without which the wrong would not have occurred." *Id.* (citations omitted). That does not mean that the plaintiff needs to show that the defendant's actions are the "sole proximate cause" to the sustained injury. *Mays v. Chang*, 579 S.E.2d 561, 565 (W. Va. 2003). However, the plaintiff must prove the chain of causation to the accident because "the law is clear that a mere possibility of causation is not sufficient to allow a reasonable juror to find causation." *Tolley v. ACF Indus., Inc.*, 575 S.E.2d 158. 168 (W. Va. 2002).

Here, Dotson's allegations that Dollar General's negligence caused her fall and subsequent injuries lack any evidence. Dotson speculates that she must have tripped on "something" in her deposition, but she cannot point to what object she tripped over, or even if there was actually an object that caused the fall. When asked if she tripped on an object in the store, Dotson responded "probably." When discussing whether she potentially tripped on a case of soda or water, she described it as a "possibility." Dotson's testimony provides only a mere possibility of causation but does not meet the burden of proving proximate cause. Even if an object was in the aisle, there is no indication that its placement was the cause of Dotson's fall. No evidence is in the record to link the cause of Dotson's fall back to the store. After reading through all the materials provided

to the Court, the information gathered from depositions, photographs, and policy manuals does not establish proximate cause to hold Dollar General liable.

## IV.    CONCLUSION

The crux of this negligence action rests on Dotson's speculations that she tripped over something in the aisle at Dollar General.  However, after completing discovery, Dotson still cannot point to what she tripped over or to any action or inaction by Dollar General that proximately caused her fall.  Dotson's testimony does not logically support the inference that Dollar General is responsible.  Accordingly, Dotson has failed to provide concrete evidence to justify a claim of negligence.  As two elements of negligence remain unsupported, no reasonable juror could find for Plaintiff, and thus the Court must grant summary judgment in favor of Defendant.  For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        September 15, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE